## Case No. 11,326.

POTTER et al. v. EMPIRE SEWING MACHINE CO.

[3 Fish. Pat. Cas. 474.] [1]

Circuit Court, S. D. New York. Dec., 1868.

PATENTS—EXTENSION—EFFECT UPON PRIOR REISSUE.

Where a patent has been extended to a patentee under section 18 of the act of 1836 [5 Stat. 124], it is immaterial whether or not he was vested with the entire interest in the patent at the time of a surrender and reissue made prior to the extension. The extension vested an absolute and complete title in him.

In equity. This was a motion [by Orlando B. Potter, Nathaniel Wheeler, and others] for a provisional injunction to restrain the defendants from infringing letters patent for an "improvement in sewing machines," granted to Allen B. Wilson, November 12, 1850

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

[No. 7,776], reissued January 22, 1856 [No. 346], and extended for seven years from November 12, 1864. Defendants were using what is known as a "wheel feed."

S. J. Gordon, E. W. Stoughton, and Geo. Gifford, for complainants.
C. A. Durgin, J. M. Van Coit, A. C. Washburn, and T. A. Jenckes, for defendants.

NELSON, Circuit Justice. 1. This case involves the validity of the reissued patents to A. B. Wilson, of January 22, 1856, No. 346, and of December 9, 1856, No. 414, for certain new and useful improvements in sewing machines.

These letters patent were extended by the commissioner of patents on November 8, 1864, for the term of seven years from and after the expiration of the first term. The two patents have heretofore been frequently before this court; and also before courts and judges in other districts and circuits; and have been the subject of laborious and exhaustive investigation, both by counsel and court. Indeed, there have been but few patents that have come before me or under my observation which have been more zealously or perseveringly contested; and yet, so far as appears, or I know, their validity in every instance has been maintained. Many of these cases will be found in the first and second volumes of Fisher's Patent Cases.

We shall not again go over the argument. The question must be regarded as at rest in this court.

2. That the defendants' machine embraces the material improvements in sewing machines described and claimed in these patents, we think is equally plain, and will be found authoritatively settled in several of the cases already referred to.

There is no substantial difference between the feed motion used by the defendants in their machine and that of A. B. Wilson, as has been sufficiently shown by the experts, and virtually heretofore adjudged by the courts.

3. We do not inquire whether A. B. Wilson was vested with the entire interest in the patents at the time of his surrender and reissues, in January and December, 1856, or some portion of the same were outstanding in third persons, as the extension of the patents to him by the commissioner, for seven years, which took effect on the expiration of the first term, vested an absolute and complete title to them in him for that period, under which the complainants derive their title.

Decree for complainants for preliminary injunction.

[For other cases involving this patent, see note to Potter v. Whitney, Case No. 11,341.]